<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CLAUDE CASSAGNE,** | Civil Action No. 11-2791 (FLW) |
| Plaintiff, | |
| v. | |
| **LAW OFFICES OF WELTMAN, WEINBERG & REIS Co., LPA,** | **MEMORANDUM OPINION & ORDER** |
| Defendant. | |

<u>**BONGIOVANNI, United States Magistrate Judge**</u>

This matter comes before the Court upon Motion by Counsel for Plaintiff, Kimmel & Silverman, PC ("Counsel") for Attorneys' Fees and Costs. [Docket Entry No. 10]. Defendant Law Offices of Weltman, Weinberg & Reis Co., LPA ("Defenant"), opposes the Motion.  The Court has fully reviewed and considered all of the papers submitted in support of and in opposition to Counsel's Motion and considers same pursuant to FED. R. CIV. P. 78.  For the reasons set forth more fully below, Counsel's Motion for Attorney's Fees and Expenses shall be GRANTED in part and DENIED in part.

**I.     PROCEDURAL HISTORY**

On May 13, 2011, Plaintiff filed his Complaint against Defendant Law Offices alleging violations of the Fair Debt Collection Practices Act ("FDCPA").  Defendant filed its Answer on July 25, 2011.  On or about August 11, 2011, Defendant served its Offer of Judgment upon Plaintiff, which was accepted on August 19, 2011 [Docket Entry No. 8].  The amount offered was $1,001.00

in statutory damages, plus reasonable attorneys' fees and costs to be agreed upon by the parties or to be determined by the Court. Counsel has now made an application to the Court for attorneys' fees and costs. Both parties agree that Counsel is entitled to fees; however, there is a dispute as to the reasonableness of the fees requested.

Counsel states that Plaintiff's attorneys expended a total of 27.7 hours in prosecuting Plaintiff's claims, inclusive of work performed by attorneys, paralegals and staff. Specifically, Counsel asserts that 14.8 billable hours were recorded by attorney Amy Bennecoff, Esq, whose rate is $300.00 per hour; that 3.2 billable hours were recorded by attorney Craig Thor Kimmel, Esq. whose rate is $425.00 per hour; that 3.3 billable hours were recorded by Sarah Young, Esq. whose rate is $300.00 per hour; that 2.8 billable hours were recorded for paralegal Dawn Grob, whose rate is $165.00 per hour; that 0.7 billable hours were recorded for paralegal Christy Sunchych whose rate is $165.00 per hour; that 1.2 billable hours were recorded by paralegal Jason Ryan whose rate is $155.00 per hour; that 0.1 billable hours were recorded by law clerk Jacob Ginsburg whose rate is $180.00 per hour; that 1.4 billable hours were recorded by law clerk Doher Ferris whose rate is $180.00 per hour; that 0.2 billable hours were recorded by IT professional Jeff Ehrmann whose rate is $150.00 per hour; and that the cost of filing the Complaint was $350.00. The total attorneys fees and costs requested by Kimmel & Silverman, PC is $8,203.50 and they attach a copy of their detailed time sheet to this motion. Counsel relies on the credentials of these individuals and several other sources including the 2007 Consumer Law Attorney Fee survey and the "Laffey Matrix" in support of these rates.

Counsel contends that the plain language of the FDCPA mandates that Counsel is entitled to an award of attorneys' fees and costs. Counsel argues the policy reasons behind such an award,

including compensation to consumers and incentive to private attorneys to pursue this type of action. Counsel further argues that the attorneys' fee award should be based upon the actual time expended in pursuing the claim, and not the amount of the recovery. Counsel refers to the "lodestar" amount, which is the multiplication of the reasonable number of hours expended times the reasonable hourly rate, as the appropriate fee award, *Friend v. Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir. 1995), and advocates use of the lodestar calculation here.

Counsel notes that there are twelve relevant factors to be considered when determining the amount of attorneys' fees to be awarded:

(1)   the time and labor required;
(2)   the novelty and difficulty of the questions;
(3)   the skill requisite to perform the legal services properly;
(4)   preclusion of other employment by the attorney due to acceptance of the case;
(5)   the customary fee in the community;
(6)   whether the fee is fixed or contingent;
(7)   time limitations imposed by the client or the circumstances;
(8)   the amount of time involved and the results obtained;
(9)   the experience, reputation, and ability of the attorneys;
(10)  the "undesirability" of the case;
(11)  the nature and length of the professional relationship with the client; and
(12)  awards in similar cases.

*See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), Counsel addresses each of these factors in turn. The arguments will not be outlined herein. *See Counsel's Memorandum in Support of Motion*, at 10-35.

Defendant opposes Counsel's motion on two grounds. First, Defendant believes that Counsel seeks an hourly rate for its attorneys and staff which is excessive for the prevailing market rate in this district for attorneys with similar experience. Second, Defendant asserts that Counsel includes hours that should be reduced or disallowed because they are not reasonable.

With respect to Defendant's argument that the hourly rates billed by Counsel are too high, Defendant addresses each attorney listed in Counsel's brief and sets forth what Defendant believes to be an appropriate hourly rate. Specifically, Defendant requests that the Court assess an hourly rate of $325.00 or less for Craig Thor Kimmel, Esq.; that the Court assess an hourly rate of $250.00 or less for Amy Bennecoff, Esq.; and that the Court assess an hourly rate of $200.00 or less for Sarah Young, Esq.. Defendant states that it cannot properly address the appropriateness of the hourly rates requested by Counsel's staff members. As such, Defendant asks that these fees be disallowed in their entirety. In the alternative, Defendant suggests a rate of $125.00 per hour for each staff member.

Defendant further contends that certain entries in Counsel's time sheet are duplicative and redundant. Defendant provides several specific examples in its brief and asks that these entries be disallowed. Similarly, Defendant also provides specific examples of time entries and tasks which Defendant contends are unnecessary. Defendant asks that these fees be disallowed as well.

Defendant also criticizes the nature of the work for which Counsel billed. Defendant argues that some of the tasks listed in the time sheet either should have been performed by paralegals or should not have been included in billing at all. Defendant categorizes these time entries as "administrative tasks" and asks that billing for this work be disallowed.

Finally, Defendant asserts that Counsel's billing entries are excessive and that Counsel billed for inordinate amounts of time. Defendant states that this was a straightforward matter which was resolved fairly quickly. Defendant notes that Counsel did not bill in large blocks of time, but that the time sheet contains nearly eighty (80) separate time entries for smaller amounts of time which add up to the large fee requested.

Counsel replies that Kimmel & Silverman's attorneys and personnel bill at reasonable rates, noting that courts have recently upheld hourly rates which are higher than those requested in this motion. Counsel also defends the work performed and listed on their time sheet, stressing that these entries are not duplicative, redundant or unnecessary. Finally, Counsel describes the work and attention required to pursue a case of this type and contends that the billing entries are in no way excessive or for inordinate amounts of time.

## II. Legal Standard

The Fair Debt Act provides that "in a case of any successful action," a prevailing party may recover, "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Absent unusual circumstances, the award of attorneys fees and costs to a prevailing plaintiff in a FDCPA case is required. *See Graziano v. Harrison*, 950 F.2d 107, 113-14 (3d Cir. 1991). However, the quantum of any fee award must be guided by a "reasonableness" standard that necessarily implicates "the facts and circumstances of the underlying litigation." *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628-29 (4th Cir. 1995).

A reasonable attorney's fee is one that is "adequate to attract competent counsel, but which does not produce a windfall to attorneys." *Public Interest Research Group of N. J., Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995); *see also Apple Corps Ltd. v. Int'l Collectors Soc.*, 25 F. Supp. 2d 480, 484 (D.N.J. 1998). The Court is guided by the well-known "lodestar" method, which requires multiplying the hours reasonably expended by a reasonable hourly rate. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983); *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). The party seeking fees has the burden to come forward with evidence establishing the number

of hours worked and the reasonableness of the rate claimed. *See, e.g., Smith v. Phila. Hous. Auth.*, 107 F.3d 223, 225 (3d Cir. 1997). Any party may oppose a fee application by objecting with "sufficient specificity." *Id*. If an objection is lodged, the party seeking to recover fees bears the burden to show that the fee request is reasonable. *Id.*

While the lodestar is presumed to yield a reasonable fee, *Washington v. Pa. County Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996), either party may seek an adjustment of the lodestar amount but bears the burden to show an adjustment is necessary. *Mosaid Techs., Inc. v. Samsung Elecs. Corp.*, 224 F.R.D. 595, 597 (D.N.J. 2004). In deviating from the lodestar, courts may consider numerous factors, including, for example, the time spent and labor required; the novelty and difficulty of the legal issues; the customary fee in the community; whether the fee is fixed or contingent; the nature and length of the professional relationship with the client; and awards in similar cases. *See Public Interest Research Group*, 51 F.3d at 1185 n.8 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).

The district court ultimately "retains a great deal of discretion in deciding what a reasonable fee award is," *Bell v. United Princeton Properties*, 884 F.2d 713, 721 (3d Cir. 1989), and "in determining whether the fee request is excessive . . . the court will inevitably engage in a fair amount of 'judgment calling' based upon its experience with the case and the general experience as to how much a case requires." *Evans v. Port Auth. of NY & NJ*, 273 F.3d 346, 362 (3d Cir. 2001).

**III. Analysis**

Counsel seeks $8,203.50 in attorney's fees billed by three attorneys, three paralegals, two law clerks and an IT professional. Defendant contends that the hourly rates and hours billed are

excessive. Defendant points out that Counsel recently submitted a nearly identical fee application in *Dawn Conklin v. Pressler & Pressler, LLP*, 3:10-cv-3566-FLW-DEA [Docket Entry No. 25] and that this issue has been raised in other cases involving fee applications by the same firm, Kimmel & Silverman. Further research reveals that Counsel sought fees in several FDCPA cases in the last few months, again using nearly identical briefs and supporting evidence as has been submitted here.[1] In those cases, Counsel's proposed hourly rates and hours expended were reduced or eliminated. *See Levy v. Global Cerdit & Collection Corporation,* No. 10-4229, 2011 WL 5117855 (D.N.J., October 27, 2011) (reducing rates of all attorneys and staff and eliminating hours); *see also Weed-Schertzer v. Nudelman*, No. 10-6402, 2011 WL 4436553 (D.N.J., September 23, 2011) (reducing rates of all attorneys and staff and eliminating hours); *see also Williams v. NCO Financial Sys*tems, No. 10-5766, 2011WL 1791099 (E.D. Pa. May 11, 2011) (reducing rate of Mr. Kimmel; excluding all time billed by Ms. Bennecoff and Ms. Patterson); *see also* e.g., *Brass v. NCO Financial Systems, Inc.*, No. 11-1611, 2011 WL 3862145 (E.D. Pa. July 22, 2011) (reducing rates of Mr. Kimmel, Ms. Bennecoff, and Ms. Patterson); *Overly v. Global Credit & Collection Corp., Inc*., No. 10-2392, 2011 WL 2651807 (M.D. Pa., July 6, 2011) (reducing rates of Mr. Kimmel, Ms. Bennecoff, Ms. Patterson, and Ms. Young; as well as, paralegals Mr. Ryan and Ms. Sunchych); *Alexander v. NCO Financial Systems*, No. 11-401, 2011 WL 2415156 (E.D. Pa., June 16, 2011) (reducing rates of Mr. Kimmel, Ms. Bennecoff, and Ms. Patterson). Counsel's own brief cites to yet another case in which it again

---

[1]As with the *Weed-Schertzer* and *Levy* opinions, the Court notes the similarities in Counsel's brief and supporting affidavits in each of these cases and the Court recognizes the practicality of form-based practice and the use of templates in order to economically prosecute a case. These time-saving techniques should result in reduced fees. However, Counsel certifies that it spent over 3 hours on each of their motions for fees despite the fact that the majority of these motions contained largely boilerplate material.

relies on the same submissions and again has its billable hours reduced. *See Rivera v. NCO Financial Systems*, No. 11-402, (E.D.Pa., May 2, 2011) (reducing hours expended; however, upholding hourly rates).

The recent opinion in *Levy*, No. 10-4229, provides a detailed examination of an application for attorneys' fees submitted by Counsel in a separate matter. The opinion notes the numerous courts which have addressed this particular firm's fee applications and which have significantly reduced the fees. In the *Levy* case, the Court was troubled by the fact that various courts have had to devote time addressing these similar motions only to produce similar results. "[T]he Court finds itself puzzling over Kimmel & Silverman's insistence on claiming the same fee rates in each of its FDCPA cases. Should another such petition reach this Court in the future, we hope not to have to puzzle over it again." *Id,* at 4. This Court joins in the analysis and hope of the Hon. Robert B. Kugler, United States District Judge, District of NJ.

The Court notes that a recent article appeared in the New Jersey Law Journal which discussed Kimmel & Silverman's numerous fee requests and various courts' criticisms over the high hourly rates and excessive hours billed; namely Judge Kugler's and Judge Falk's Opinions. The article quoted Mr. Kimmel as explaining that the fee request in Levy was filed before judges in other cases had expressed concern over the firm's rates. Mary Pat Gallagher, *Fair Debt Collection Practices Firm Chastised for Inflated Fee Request*, N.J. L. J., Nov. 7, 2011, at 1, 10-11.

**A. Hourly Rates**

In evaluating the reasonableness of Counsels' hourly rates, the relevant inquiry is the prevailing rate for comparable legal services in the forum of litigation. *See, e.g., Interfaith*

*Comm. Org. v. Honeywell, Intern., Inc.*, 426 F.3d 694, 705 (3d Cir. 2005). The Plaintiff bears the burden "of producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case." *Smith*, 107 F.3d at 225. "The fee applicants burden may be satisfied by the submission of affidavits of non-party attorneys with personal knowledge of the hourly rates customarily charged in the relevant community." *Apple Corps*., 25 F. Supp. 2d at 493. A reasonable rate is determined by "assessing the experience and skill of the prevailing party's attorneys and compar[ing] the rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001). The Court has broad discretion in determining an appropriate hourly rate. *See Washington*, 89 F.3d at 1036.

This Court finds that Counsel's billing rates should be adjusted for similar reasons as set forth in the Court's decision in *Levy,* No. 10-4229, and *Weed-Schertzer*, No. 10-6402.[2]  First, the Consumer Law Survey, which is a compilation of rates reported by members of the consumer protection bar, has nothing whatsoever to with, and does not indicate the practice relating to, FDCPA cases in New Jersey.  Also, it is not established that courts in this Circuit have ever relied upon the Consumer Law Attorney Fee Survey in determining reasonable hourly rates.  *See Williams supra* at 14.  Second, the "Laffey Matrix" upon which Counsel relies, in part, provides billing rates for attorneys in the Washington D.C. area and, therefore, is not particularly pertinent

---

[2]The Court notes that those cases dealt with determining appropriate and reasonable fees for attorneys and paralegals.  In the instant case, the Court must also determine an appropriate rate for law clerks and an IT professional.

in this case where the relevant market is in New Jersey. *Alexander,* 2011 WL 2415156 at *4; *see also Williams,* 2011 WL 1791099 at 13*; see also Weed-Schertzer,* 2011 WL 4436553 at 11; *see also Levy*, 2011 WL 5117855 at 6-7. Third, the affidavit submitted by Nicholas Bontrager in support of the appropriateness of Counsel's proposed rates in this court is unpersuasive. Mr. Bontrager is neither admitted in New Jersey, nor does he profess to represent clients in New Jersey. He is a fairly recent law school graduate (2007) with no connection to this forum. In addition, Mr. Kimmel and Mr. Rabdil, who also submitted affidavits in support of this motion, are not licensed to practice in New Jersey.

### 1. Attorneys and Paralegals

In exercising Its discretion, and after considering the circumstances here, the Court finds that a reduction in the hourly rates for the attorneys and paralegals is appropriate and supported by substantial case law in the Third Circuit. *See Williams, supra; see also Franklin Smith v. Lyons Doughty & Veldhuis*, No. 07-5139 (JHR); *see also Stair v. Thomas & Cook,* No. 06-4454, 2009 WL 1635346 (D.N.J. June 10, 2009); *see also Alexander*, CV No. 11-401, 2011 WL 2415156. So finding, the Court emphasizes that this was a straightforward case with issues common to cases with similar claims. Moreover, it was promptly resolved. Indeed, Defendant made an offer of settlement approximately two weeks after filing its Answer.

The Court wishes to make clear that the approval of specific rates in this particular case does not mean that the same rates should be automatically applied to the same lawyers in any other case. Indeed, the rates which shall be adopted in this opinion are different than those recently found to be reasonable and appropriate for lawyers from the same firm in other FDCPA

cases in this Circuit.  *See Overly*, 2011 WL 2651807; *see also Levy*, 2011 WL 5117855.  While courts should strive for uniformity in decisions, each case should be fact-specific.  Thus, the adoption of varying rates for the same attorneys in similarly situated FDCPA cases does not necessarily represent inconsistent decision-making, but rather reflects the unique analysis applied to each case.  That being said, this Court gave considerable weight to Defendant's proposed hourly rate in reaching its decision.

For the reasons set forth above, the following hourly rates will apply: attorney Kimmel ($325); attorney Bennecoff ($250); attorney Young ($200); paralegal Sunchych ($125); and paralegal Ryan ($125).

### 2.  Law Clerks

Unlike the fee applications submitted by Kimmel & Silverman in other cases and discussed above, the fee application in this case includes the value of work performed by law clerks.  Counsel requests an hourly rate of $180 for law clerks Jacob Ginsburg and Doher Ferris.  Jacob Ginsburg is a recent law school graduate (2011) and Doher Ferris is a third year law student.   The relevant case law on the issue of a reasonable and appropriate hourly rate for law clerks in FDCPA cases is slightly less voluminous; however, the available case law provides guidance.  See *Rosenau v. Unifund Corporation*, 646 F.Supp. 2d 743, 750 (E.D.Pa. 2009) (holding that an hourly rate of $145 for a law clerk was reasonable and appropriate); *see also Nelson v. Select Financial Services, Inc.*, No. 05-3473, 2006 WL 1672889 (E.D.Pa., June 9, 2006) (holding that an hourly rate of $115 for a law clerk was reasonable and appropriate).  In addition, Defendant suggests an hourly rate of $125 for law clerks.

Adopting the average award between *Rosenau* and *Nelson,* the Court will apply an hourly rate of $130 to law clerks Jacob Ginsburg and Doher Ferris.

### 3. IT Professional

Counsel requests an hourly rate of $150 for the work performed by their IT Professional, Jeff Ehrmann.  Defendant has requested that any entries for the support staff be disallowed or, in the alternative, that the Court apply an hourly rate of $125.  The reasonable hourly rate for an IT professional in FDCPA cases is discussed in several of the opinions mentioned above.  *See Williams*, 2011WL 1791099 at *5 (holding that $150 was a reasonable hourly rate for Jeff Ehrmann); *see also Alexander,* 2011 WL 2415156 at *6 (holding that $150 was a reasonable hourly rate for Jeff Ehrmann).  Given this Court's determination, as discussed below, that the work performed by an IT Professional must be excluded from the calculation of fees, the Court will not render a decision as to the appropriateness of the hourly rate.

### B. Hours Billed

A court must "decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant or otherwise unnecessary." *Interfaith Community Org.*, 426 F.3d at 710.  Counsel certifies that it has expended a total of 27.7 hours of attorney and support staff time to this case.  As expressed in *Levy*, this Court likewise finds this to be an unreasonable number of hours in light of the boilerplate nature of Counsel's pleadings.  Accordingly, as the second prong of Defendant's opposition to Counsel's motion, Defendant has objected to certain entries in Counsel's time sheet as "not reasonable."  Specifically, Defendant objects to approximately 11.4 of the 27.7 hours

billed by Counsel. Defendant elaborates that certain entries in Counsel's time sheet are not reasonable because they are either duplicative and redundant, unnecessary, administrative in nature, or excessive and billed at inordinate amounts of time. The Court shall address each objection accordingly.

### 1. Duplicative and Redundant Entries

Defendant points to 3 specific examples of entries in Counsel's time sheet which it believes to be duplicative. First, Defendant refers to entries in which both Ms. Young and Ms. Bennecoff confirmed the facts of the case with the client despite the fact that a factual summary of the case had been prepared by Mr. Ryan. The Court declines to strike these entries as they may have been necessary to confirm specific facts with the client initially, as the Complaint was drafted, and before it was ultimately finalized. Also, Defendant points out that Ms. Bennecoff and Ms. Grob both spent .1 hours receiving the e-filed Order dismissing the case on August 25, 2011. However, Ms. Bennecoff's entry reasonably relates to reviewing the substance of the Order, whereas Ms. Grob's entry no doubt relates to the administrative task of copying the Order to Amicus. Therefore, these entries will not be considered duplicative.[3]

The Court agrees with Defendant regarding the remaining entry. Specifically, Ms. Bennecoff spent .3 hours in connection with reviewing Defendant's Answer on July 25, 2011. On that same day, Ms. Grob spent .2 hours reviewing the Answer and copying it to Amicus. Thus, they both billed for essentially the same task. As the attorney of record, Ms. Bennecoff is

---

[3]However, as discussed in a subsequent section, Ms. Grob's entry will be eliminated as it is administrative in nature.

the more appropriate individual to review legal pleadings; therefore, the Court will eliminate Ms. Grob's entry of .2 hours.

### 2. Unnecessary time entries/tasks

Defendant also objects to 3.2 of Counsel's billable hours as unnecessary. Specifically, Defendant argues that on May 4, 2011, Ms. Young spent .4 hours "on 'research' which is not detailed and is subsequent to Ms. Bennecoff already reviewing the facts and advising Ms. Young to prepare the Complaint." *See Defendant's Opposition* [Docket Entry No. 13] at 12. The Court agrees that without more elaboration on the type of work done, this entry related to "research" is unnecessary and unsubstantiated. A review of the Complaint in this case compared to the complaints in Counsel's other cases reveals that a boilerplate complaint had already been created by Counsel. The minor variations between the complaints mostly relate to the clients' personal information or are not substantively different. Therefore, it is unclear what research needed to be completed prior to Ms. Young inserting the specific facts of this case. For this reason, the Court will not include the .4 hours entered by Ms. Young on May 4, 2011 and described as "research." Thus, her hours on that date will be reduced from 3.3 to 2.9.

Defendant also challenges entries related to discovery as unnecessary because no "meet and confer" had occurred. While the Court suspects that this preparation for discovery may have been slightly premature given the fact that these cases tend to settle therefore rendering discovery unnecessary, Counsel correctly points out in their Reply brief that they should not be penalized for anticipating discovery in an effort to expedite the proceedings. Therefore, the Court will not reduce the entries related to discovery.

### 3. Administrative Tasks

Administrative tasks not normally billed to clients such as "opening a file in a database, mailing letters, and copying documents to a CD," may not be recovered by a party through a fee petition. *Alexander*, 2011 WL 2415156, at *6; *see also Halderman v. Pennhurst State Sch. & Hospital*, 49 F.3d 939, 942 (3d Cir. 1995); *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 552 (7th Cir. 1999). However, tasks such as "discussions with a client, creating a factual summary, and preparing an outline of linked events, have been included in calculations... even if performed by a paralegal." *Brass*, 2011 WL 3862145, at *5.

Defendant argues that Counsel's time sheet is "wrought with time entries by attorneys for tasks which should either have been done by paralegals or for which no billing should have occurred." *Defendant's Opposition*, at 12. First, Defendant points to ten of Ms. Bennecoff's entries, in increments of .1 hours each, which Defendant alleges are administrative in nature. The Court finds that, while this billing, much of which relates to review of ECF filings and inter-office e-mails, may have been excessive, it is not purely administrative and should not be excluded on that basis. However, the Court will eliminate the following entries:

On October 15, 2011, paralegal Ryan spent 0.2 hours opening the new case in Amicus; therefore his hours shall be reduced to 0.6 on that date.

On May 20, 2011, paralegal Sunchych spent 0.1 hours making copies of the complaint, notice and waiver for service; therefore her hours shall be reduced to 0.4 on that date.

On May 26, 2011, paralegal Sunchych spent 0.2 hours copying and sending the letter and waiver for file. She prepared those documents on May 20, 2011 and they had been reviewed by Ms. Bennecoff on May 25, 2011; therefore that entry will be eliminated in its entirety.

On June 15, 2011, paralegal Dawn Grob spent part of the 0.2 hours billed updating the calendar "as to Answer due date." Therefore, her hours on that date will be reduced from 0.2 to 0.1.

On July 27, 2011, paralegal Dawn Grob spent part of the 0.2 hours billed calendaring events. Therefore, her hours on that date will be reduced from 0.2 to 0.1.

On August 1, 2011, paralegal Dawn Grob spent 0.1 hours calendaring relevant events; therefore her hours shall be reduced to 0.2 on that date.

On August 12, 2011, paralegal Dawn Grob spent part of the 0.2 hours billed calendaring a response. Therefore, her hours on that date will be reduced from 0.2 to 0.1.

On August 19, 2011, law clerk Jacob Ginsburg spent part of the 0.1 hours billed updating Amicus and adding dates to the calendar. The remainder of that entry was spent reviewing an e-mail from Ms. Bennecoff. This is the only involvement law clerk Ginsburg had in this case; therefore, it is unclear why a review of an e-mail was necessary. For that reason, this entry will be eliminated in its entirety.

Finally, the work performed by IT professional Ehrmann is entirely administrative in nature. Therefore, his entry of 0.2 hours on August 30, 2011 will be eliminated in its entirety. *See Alexander*, 2011 WL 2415156 at *7; *see also Williams,* 2011 WL 1791099, at *5.

### 4. Excessive Entries and Billings for Inordinate Amounts of Time

Defendant again stresses that this was a straightforward matter which was resolved relatively quickly.  Defendant believes that Counsel's fee request is excessive in light of the work needed to resolve the case.  While this Court shares in the impressions of the *Levy* and *Weed-Schertzer* courts that there may have been more attorneys and legal staff working on this case than necessary, it will not, without more, arbitrarily exclude hours from the lodestar calculation simply because they seem excessive.  *Levy*, 2011 WL 5117855, at *12; *see also Weed-Schertzer*, 2011 WL 4436553, at *16.  However, the Court will address the two specific entries challenged by Defendant.

First, Defendant states argues that the 1.6 hours billed by attorney Young described as drafting the complaint is excessive given the fact that the complaint only contains 8 factual allegations which are unique to this matter.  Indeed, much of the complaint is boilerplate material; therefore, the Court will cut that time in half and allow 0.8 hours for the drafting of the Complaint.  Her total hours on that date are reduced to 2.1.

Second, Defendant argues that attorney Bennecoff spent 3.8 hours preparing this fee application although it is "strikingly similar" to applications that Kimmel & Silverman has submitted in numerous other cases.  The Court agrees.  As the court in *Levy* pointed out, much of the documents submitted in support of this application are identical to those submitted in other FDCPA cases.  *Levy*, 2011 WL 5117855, at 14.  Therefore, the Court will make the following adjustments:

The 0.6 hours spent preparing the attorney certifications shall be reduced to 0.2. The certifications are nearly identical to those submitted in other cases. Specifically, the only changes to the certifications of Mr. Kimmel and Ms. Bennecoff are the hours billed and the date[4]. Ms. Young's certification is slightly different in form; though not in substance aside from the hours billed and the date. In light of the very few and minor changes made, 0.2 is a reasonable amount of time.

As did the Court in *Levy*, this Court will eliminate the 0.3 hours spent "Prepar[ing] Motion" because of the similarities between these motion papers and those submitted in other cases and the 0.5 hours billed in preparing the Certifications of Mr. Bontrager and Mr. Radbil due to the fact that the only alterations to these certifications is the date.

Similarly, this Court will eliminate the hours billed in preparation of exhibits. These exhibits are identical to those submitted in other cases. The Consumer Law Attorney Fee Survey even bears the stamp of another ECF filing (Case No. 2:10-cv-00324-CMR, Document No 22-3, Filed 2/23/11, etc.). Ironically, this stamp is different from the one that appeared on the filing in the *Levy* case which had yet another ECF filing stamp, further demonstrating that there was no preparation involved in collecting these exhibits. For these reasons, Ms. Bennecoff's entry on September 18, 2011 shall be reduced from 3.3 to 2.5.

---

[4]There is some variation in Ms. Bennecoff's certification in that there is an extra paragraph due to the fact that two sentences, which previously composed paragraph 11, were broken up into two separate paragraphs.

### III. LODESTAR CALCULATION

Based on the above analysis, the Court finds that the following hourly rates and the following number of hours are reasonable:

| Legal Professional | Hourly Rate | Hours Worked | Total Fee |
|---|---|---|---|
| Craig Thor Kimmel, Esq | $325.00 | 3.2 | $ 1,040.00 |
| Amy L. Bennecoff, Esq. | $250.00 | 13.4 | $ 3,350.00 |
| Sarah Young, Esq. | $200.00 | 2.1 | $   420.00 |
| Dawn Grob, paralegal | $125.00 | 2.2 | $   275.00 |
| Christy Sunchych, paralegal | $125.00 | 0.4 | $    50.00 |
| Jason Ryan, paralegal | $125.00 | 1.0 | $   125.00 |
| Doher Ferris, law clerk | $130.00 | 1.4 | $   182.00 |
| TOTAL: | | 21.5 | $ 5,442.00 |

As set forth above, the total fees in this case are $5,442.00. Together with the $350 court filing fee incurred by Counsel, the total sum of fees and costs to be awarded to Counsel is $5,792.00.

## IV.  CONCLUSION

For the reasons set forth above, and with good cause shown,

It is on this 23rd day of November, 2011, hereby

ORDERED that Kimmel & Silverman's motion for an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) is GRANTED in part and DENIED in part; and it is further

ORDERED that Defendant shall pay Counsel's attorney's fees in the amount of $5,792.00; and it is further

**ORDERED that the Clerk of the Court shall terminate this motion [Docket Entry No. 10], accordingly.**

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE**
